UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GLEN GUIDRY**                                                                 **CIVIL ACTION**

**VERSUS**                                                                       **NO:   16-04135**

**NOBLE DRILLING SERVICES, INC., ET AL.**           **SECTION: "F" (4)**

**ORDER**

Before the Court is a **Motion to Compel Plaintiff's Functional Capacity Evaluation (R. Doc. 64)** filed by Defendants, Noble Drilling Services, Inc., Noble Drilling Exploration Company, Noble Drilling (U.S.) LLC, and Bully 1 (U.S.) Corporation ("Noble Defendants"). The motion is opposed. R. Doc. 66. Oral argument was heard on April 18, 2018.

**I.     Background**

This litigation arises out a longshoreman's allegations that he suffered a disabling hip injury while performing a casing operation on a drill ship. The Plaintiff, Glen Guidry, was employed as a field service representative by VAM USA, LLC, a subcontractor of Shell. VAM performed operations aboard the Noble Bully 1, a drill ship located in the Gulf of Mexico, which was owned by Noble Drilling Services.

On May 11, 2015, Guidry alleges that his job required him to traverse and utilize the deck floor of the Noble Bully 1 Drill ship, which was covered in mud. Guidry slipped and allegedly sustained injuries to his back, ligaments, muscles, and nervous system. On May 4, 2016, he sued Noble Drilling Services, Inc, Noble Drilling Exploration Company, and Noble Drilling (U.S.), LLC, claiming that he was injured as a result of the Defendants' negligence.

The instant motion was filed by the Defendants seeking an order compelling the Plaintiff to undergo a Functional Capacity Evaluation ("FCE"). R. Doc. 64. They argue that due to a dispute

as to Plaintiff's functional status there is good cause for a FCE, that their IME physician evaluated the Plaintiff on July 27, 2017 and has recommended a FCE to allow him to make specific recommendations as to future work limitations, or needs an opportunity to re-evaluate Plaintiff based on recent complaints and months of physical therapy. *Id.* at pp. 8-9. They argue a FCE is warranted because the first examination was not adequate or complete and a substantial time lag has occurred. *Id.* at pp. 12-13.

The motion is opposed. R. Doc. 66. Plaintiff argues there is no good cause for a FCE or second IME. Plaintiff argues that he underwent an IME, the Defendants' expert produced a March 28, 2018 report, there is no separate injury calling for an examination by distinct medical specialties, and there is no indication the first examination was inadequate or complete. *Id.*

In a reply the Defendants argue there is no written reason why Plaintiff's physician should not release him for an FCE, the Plaintiff has only been evaluated by their IME physician and has never undergone an FCE. R. Doc. 82.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 35 provides in pertinent part that a court may order a party "to submit to a physical or mental examination by a suitably licensed or certified examiner" when the mental or physical condition of that party is in controversy. Fed. R. Civ. P. 35(a)(1). The court may issue such an order "on motion for good cause and upon notice to all parties and the person to be examined" which specifies "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(2).

Thus, there is a two-part test for determining whether the motion will be granted. First, the physical or mental state of the party must be in controversy. Second, the moving party must show

good cause as to why the motion should be granted. *Schlagenhauf v. Holder,* 379 U.S. 104, 106, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Id.* at 118. A "plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* at 119.

Where "the moving party has already made an examination in the past…the court will require a stronger showing of necessity before it will order repeated examinations." *Mathias v. Omega Protein, Inc.,* No. 10–2835, 2011 WL 1304000, at *3 (E.D.La. April 1, 2011) (citing § 8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2234 at 475); *Monroe v. Cooper/T. Smith Stevedoring Co., Inc.,* No. 06–933–B–M2, 2008 WL 687196, at *2 (M.D.La.2008). "The number of examinations ordered should be held to the minimum necessary considering a party's right to privacy and the need for the court to have accurate information." *Monroe v. Cooper/T. Smith Stevedoring Co., Inc.,* 2008 WL 687196, at *2. Second examinations are appropriate when: (1) there are separate injuries calling for examination by distinct medical specialties; (2) where a physician requires assistance of other consultants before he can render a diagnosis; (3) where the first examination was not adequate or complete; and (4) where a substantial time lag occurred between the initial examination and the trial. *Mathias v. Omega Protein, Inc.,* 2011 WL 1304000, at *3 (citing *Moore v. Calavar Corp.,* 142 F.R.D. 134, 135 (W.D.La.1992)).

**III.** <u>Analysis</u>

The Defendants argue that it is clear that the Plaintiff's physical condition is in controversy because he has taken the position that he is completely disabled and unable to work in a related

3

capacity for the duration of his life. R. Doc. 64-1. They state that an FCE is needed to determine what the functional limitations of the Plaintiff is in the case, but the Plaintiff has objected to the FCE because his treating physician has declared him incapable of participating in even a half-day FCE. In support for their motion the Defendants state: (1) the Plaintiff has undergone months of physical therapy and has been continued to be prescribed physical therapy; (2) the Plaintiff's treating physicians have encouraged him to increase his activity level and exercise; (3) the treating physical therapist has performed at least seven functional status evaluations; (4) the most recent records from his physical therapist revealed only mild-to-moderate limitations for functional activities as opposed to his treating physicians allegation of a severe limitation; (5) Plaintiff has also retained a new pain management physician to whom he has made increasing complaints relative to his spine and that physician has proposed additional surgery; (6) the Plaintiff's pain levels are markedly lower than what he is reporting to the pain management physician; and (7) a time lag has occurred between when Defendant's IME occurred and the present, therefore a FCE is warranted.

Defendants state the FCE will be tailored to the Plaintiff's ability levels. To the extent that an FCE is not granted, they also seek to have their physician re-examine the Plaintiff based on recent complaints made and progress resulting from physical therapy.

In his opposition, the Plaintiff argues that the Defendant's IME physician has rendered three reports with the most recent indicating that Plaintiff is most likely limited to sedentary or light activity without the addition of FCE information. R. Doc. 66. He argues that the Defendant's IME physician is fully capable of rendering an opinion on functional limitations and has already done so, therefore there is no good cause for an FCE. Plaintiff argues that he has undergone an IME and there have been numerous other examinations producing a plethora of opinions to rely

4

on. Further, he contends that the "playing field" is level and that Defendants own physician has stated restrictions should be sedentary to light and at best no doctor is releasing him to his former occupation.

Plaintiff is alleging that his back was injured and he underwent a thoracic fusion from T5-T12. Based on the information presented, the Court finds that the Plaintiff's physical condition is in controversy. The question, therefore, is whether good cause exists for an FCE.

The Court notes that the Defendants have had an IME conducted in the instant matter. During oral argument Defendants contend that Plaintiff's physician has indicated that Plaintiff is totally disabled, whereas the physical therapists have indicated that he can do light-to-medium activity. This information seems to weigh in Defendants favor, because while the physical therapist was selected by the Plaintiff, the reports indicate a functional ability greater than Plaintiff's own physician. Defense counsel indicated that he had not deposed the physical therapist to determine whether the Plaintiff had reached a plateau of improvement, whether there are potentially more improvements, and what specific progression has occurred.

The Court finds that the FCE would subject the Plaintiff to a battery of tests that would not provide insight different from that of the physical therapists. Further, the Court finds that Defendants' IME physician was in a good position to evaluate any limitations that resulted from the thoracic fusion because the surgery had occurred five months before the assessment. This would have allowed the IME physician to determine if there was a positive progression of the Plaintiff's functional ability, to assess whether Plaintiff is manufacturing complaints, or if there is an anatomical reason for new complaints.  As such, the Court denies the motion for the FCE because the Court finds that good cause has not been demonstrated because there are a variety of other sources of information for the Defendants to evaluate the Plaintiff's functional ability.

During oral argument Plaintiff's counsel stated that Plaintiff would agree to a re-evaluation conducted by the Defendants' IME physician. The Court, therefore, will memorialize the agreement that the Plaintiff will submit to a second IME with Dr. William Brennan in this order.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion to Compel Plaintiff's Functional Capacity Evaluation (R. Doc. 64)** is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall submit to an IME performed by Dr. William Brennan as agreed to by counsel at oral argument.

New Orleans, Louisiana, this 23th day of April 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**