GLEN GUIDRY                                               CIVIL ACTION

V.                                                        NO. 16-4135

NOBLE DRILLING SERVICES INC,                              SECTION "F"
NOBLE DRILLING EXPLORATION
COMPANY AND NOBLE DRILLING
(U.S. LLC)

ORDER AND REASONS

Before the Court is the defendants' motion for review of the Magistrate Judge's order denying their motion to compel the plaintiff's functional capacity evaluation. For the following reasons, the motion is DENIED.

**Background**

Glen Guidry was employed as a field service representative by VAM USA, LLC, a subcontractor of Shell. VAM performed casing operations aboard the Noble Bully 1, a drill ship located in the Gulf of Mexico, which was owned by Noble Drilling Services. The drilling operation involved lowering a casing, a large-diameter pipe, into the ocean floor. The casing is made up of casing joints, or long steel pipes, which are attached with threads on each end that join them together.[1] Guidry would walk from his computer to the drill floor where he would wipe off the threads of the casing

---

[1] Casing Joint, Oilfield Glossary, SCHLUMBERGER, http://www.glossary.oilfield.slb.com/Terms/c/casing_joint.aspx (last visited April 3, 2018).

joint and inspect the joint for abnormalities before the crew assembled it. As the driller operator ran the casing pipe down into the ocean floor, oily mud would overflow from the casing and accumulate at the base of the drilling floor.

On the early morning of May 11, 2015, Guidry was inspecting the joint casing while standing upon the drilling floor, which was covered in mud. Guidry slipped and allegedly sustained injuries to his back, ligaments, muscles, and nervous system. On May 4, 2016, he sued Noble Drilling Services, Inc, Noble Drilling Exploration Company, and Noble Drilling (U.S.), LLC, claiming that he was injured as a result of their negligence and seeking relief under general maritime law and the Longshoremen's and Harbor Workers' Compensation Act. It is undisputed that Guidry is not a Jones Act seaman.

Guidry underwent a six level thoracic fusion on February 22, 2017. The defendants' physician, Dr. Brennan, conducted an independent medical exam on July 27, 2012. Believing that the IME was insufficient to determine the plaintiff's current physical capabilities, the defendants moved to compel the plaintiff to submit to a functional capacity evaluation on April 2, 2018. However, Guidry's physician, Dr. Williams, refused to release Guidry for an FCE because he is not physically capable of participating in the evaluation. Magistrate Judge Roby denied the motion on May 17, 2018, but noted in the order that the plaintiff

2

agreed to a second IME by Dr. Brennan. The defendants seek reconsideration of Magistrate Judge Roby's order.

I.

Pursuant to Federal Rule of Civil Procedure 72(a), a party may appeal the ruling of the Magistrate Judge to the District Judge. A Magistrate Judge is afforded broad discretion in the resolution of non-dispositive motions. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 363(b)(1)(A). If a party objects to a Magistrate Judge's ruling on a non-dispositive matter, the Court will disturb a Magistrate's ruling only when the ruling is "clearly erroneous or is contrary to law." See Fed. R. Civ. P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995). A finding is "clearly erroneous" when the reviewing Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevens, 487 F.3d 232, 240 (5th Cir. 2008)(quoting United States. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

II.

Federal Rule of Civil Procedure 35 provides that a court may order a party "to submit to a physical or mental examination by a suitably licensed or certified examiner" if (1) the party's mental or physical condition is in controversy and (2) the movant shows "good cause." Fed. R. Civ. Pro. 35(a). Rule 35 is not satisfied by

"mere conclusory allegations of the pleadings . . . but require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). When determining if a party has shown good cause, courts consider whether "a plaintiff plans to prove his claims through the testimony of expert witnesses," if an examination would preserve the "equal footing of the parties," and whether the movant has "exhausted alternative discovery procedures." Lahr v. Fulbright & Jaworski, L.L.P., 164 F.R.D. 169, 200 (N.D. Tex. 1995)(internal citations omitted); Diaz v. Con-Way Truckload, Inc., 279 F.R.D. 412, 419 (S.D. Tex. 2012).

Rule 35 does not limit the number of independent medical examinations that may be ordered. Fed. R. Civ. Pro. 35; Moore v. Calavar Corp., 142 F.R.D. 134, 135 (W.D. La. 1992). However, some courts are concerned about protecting a party's privacy from additional examinations. See Moore, 142 F.R.D. at 135. Courts have found that a second examination is justified when: (1) "separate injuries call[] for examination by distinct medical specialties"; (2) "a physician requires assistance of other consultants before he can render a diagnosis"; (3) the first examination was inadequate or incomplete; or (4) there has been a "substantial time lag . . . between the initial examination and the trial."

Id.; Mathias v. Omega Protein, Inc., No. 10-2835, 2011 WL 1204000, *3 (E.D. La. 2011).

III.

Magistrate Judge Roby held that Guidry's physical condition is in controversy, but that there is no good cause for an FCE because there are several other sources of information for the defendants to evaluate Guidry's functional capabilities. Specifically, the defendants' IME physician could effectively assess any physical limitations because he evaluated Guidry five months after the surgery, enough time to determine if Guidry had made positive progress and was manufacturing complaints. Magistrate Judge Roby also pointed to reports completed by Guidry's physical therapist that address his physical functional capacity as a source for information. She noted the reports indicate that his functional ability is greater than what his physician has represented. But she also held "that the FCE would subject the Plaintiff to a battery of tests that would not provide insight different from that of the physical therapists."

Magistrate Judge Roby did not clearly err. The first IME was completed less than a year ago, and the plaintiff agrees to undergo a second one. Guidry's physician claims that Guidry is not physically capable of participating in another FCE, but the defendants disagree, pointing to the physician's recommendations

5

that he increase his physical activity, reports by Guidry's physical therapist that indicate that he is physically capable, and that the evaluation can be modified to better fit Guidry's physical limitations. But evidence that Guidry may be capable of completing a FCE does not establish good cause. The defendants also contend that Guidry reported that his back pain was mild to his physical therapist, but reported that he was experiencing severe pain to his pain management physician during the same period, and that the inconsistency in his statements establishes good cause. However, the defendants fail to address how a FCE will provide information that the initial IME, the second IME, and the physical therapist cannot. The Magistrate Judge was not clearly erroneous in her finding that the defendants will have sufficient information to evaluate the plaintiff's complaints and functional capabilities.

Accordingly, the defendants' motion for review of the Magistrate Judge's order is DENIED.[2]

New Orleans, Louisiana, May 29, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] That Guidry is manufacturing his symptoms and continuing complaints will, however, be relevant to the merits of his case at trial.