UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GLEN GUIDRY**                                      CIVIL ACTION

**VERSUS**                                           NO:    16-04135

**NOBLE DRILLING SERVICES, INC. ET AL.**             SECTION: "F" (4)

## ORDER

Before the Court are two motions: (1) the Noble Defendants' **Motion for Leave to File First Supplemental and Amending Answer to Liberty Insurance Corp.'s Complaint in Intervention (R. Doc. 100)**; and (2) Plaintiff, Glen Guidry's, **Motion for Leave to File First Supplemental and Amending Answer to Liberty Insurance Corp.'s Complaint in Intervention (R. Doc. 99)**. The motions are opposed. R. Doc. 113. The motion was heard on the briefs.

### I.   Background

This litigation arises out a longshoreman's allegations that he suffered a disabling hip injury while performing a casing operation on a drill ship. The Plaintiff, Glen Guidry, was employed as a field service representative by VAM USA, LLC, a subcontractor of Shell. VAM performed operations aboard the Noble Bully 1, a drill ship located in the Gulf of Mexico, which was owned by Noble Drilling Services.

On May 11, 2015, Guidry alleges that his job required him to traverse and utilize the deck floor of the Noble Bully 1 Drill ship, which was covered in mud. Guidry slipped and allegedly sustained injuries to his back, ligaments, muscles, and nervous system. On May 4, 2016, he sued Noble Drilling Services, Inc., Noble Drilling Exploration Company, and Noble Drilling (U.S.), LLC, claiming that he was injured as a result of the Defendants' negligence.

Two instant motions have been filed seeking leave to file a first supplemental and amending answer to the intervenor, Liberty Insurance Corporations Complaint in Intervention. R. Doc. 99, 100. These motions were filed by the Plaintiff and the Noble Defendants. Both movants argue that prior to the continuance of this case on April 6, 2018 each requested leave to file a motion for summary judgement that the intervention asserted by Liberty was improper due to a waiver of subrogation provisions. They state they also referenced this defense in the pre-trial order prior to the continuance of the trial. The Court allowed for a refiling following the continuance of the trial date at which time they filed their motions for summary judgment. They state their summary judgment was opposed on the grounds they did not assert the waiver defense in their answers. They therefore seek leave to amend their answers to Liberty's complaint in intervention to assert the affirmative defense that Liberty contractually waived its subrogation rights so the intervention is without merit.

Liberty opposes the motion arguing that waiver, pursuant to Federal Rule of Civil Procedure 8(c), must be raised in the answer and cannot be raised in dispositive motions post answer. It states that while the movants are attempting to cure their defect they failed to timely assert the waiver of subrogation rights and this has resulted in no notice to intervenor of the waiver affirmative defense and has deprived intervenor of discovery. It argues the lack of notice of the defense prior to the earlier motions for summary judgment is fatal to the pending motions for leave to file.

## II.     **Standard of Review**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Moreover, the Rule urges that the Court "should freely

give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason," considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

### III.   Analysis

The District Court issued a Scheduling Order in this case on April 19, 2018, stating that all amendments to pleadings shall be filed no later than May 18, 2018. R. Doc. 85. The instant motions were filed on May 3, 2018. Pursuant to the scheduling order the motions to amend their answers to Liberty's complaint in intervention were timely filed. As a result, the liberal pleading standard of Rule 15(a) applies to these motions.

A review of the record shows that both the Noble Defendants and Plaintiff filed respective motions for summary judgment seeking the dismissal of Liberty Insurance Company's Intervention in the case on April 9, 2018 arguing that Liberty waived its subrogation rights

pursuant to a contractual agreement. R. Doc. 78, 79. Part of Liberty's opposition to the summary judgment motions is that Federal Rule of Civil Procedure 8(c) requires affirmative defenses such as waiver to be raised in the answer and that they cannot be raised in dispositive motions filed post-answer. R. Doc. 88.

The Noble Defendants and Plaintiff then filed the instant motions seeking leave to file amended answer pursuant to Rule 15(a) that Liberty has contractually waived its right to subrogation making the intervention meritless. R. Docs. 99, 100. They argue that they raised the issue of Liberty's waiver of subrogation rights filed in the proposed pre-trial ordered submitted to the Court before the continuance of the case and Liberty did not object. Further, they argue Liberty will not be prejudiced because the motion for leave to amend is being filed within the Scheduling Orders deadline.

Liberty opposes the motion. R. Doc. 113. Liberty argues that neither the Plaintiff nor the Noble Defendants filed any affirmative defenses in their answers and did not assert any defense to the intervention until the filing of the motions for summary judgement which seeks the dismissal of the intervention based on the alleged waiver of rights to subrogation. As noted, Liberty contends that Rule 8(c) lists waiver as an affirmative defense that must be raised in the answer to a claim for relief. It argues that affirmative defenses not raised in an answer cannot be raised in dispositive motions that are filed post answer. Liberty contends that the failure to do so deprives the opposing party the notice that would enable it to dispute the crucial issues of the case on equal terms. Instead of filing the motions for summary judgment, it states that the Plaintiff and Noble Defendants should have filed the motions for leave to amend first. Liberty argues that the opposing parties are going through great length to merge contract provisions to defeat the intervention, but which is not

clear from the four-corners of the contract creating a genuine issue of material fact which would require discovery.

In support of its argument Liberty cites to *Smith-Haynie v. District of Columbia*, 155 F.3d 575 (D.C. Cir. 1998), however, the Court notes that the issue and holding of the D.C. Circuit in that case addressed the question of whether the affirmative defense of statutory limitation can be raised in a pre-answer motion. Further, Liberty cites to no Fifth Circuit law with respect to the waiver of affirmative defenses, which the Court will discuss next.

The Fifth Circuit has noted, while the failure to follow Rule 8(c) generally results in waiver, "[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise, however, technical failure to precisely comply with Rule 8(c) is not fatal." *Allied Chemical Corp. v. McKay*, 695 F.2d 854, 855-56 (5th Cir. 1983). When the issue is raised in a pragmatically sufficient time and the party would not be prejudiced in its response the affirmative defense is not waived. *Id.* at 856.

A formalistic approach is not taken to determine whether an affirmative defense was waived. *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577. Instead, a Court looks to the overall context of litigation to determine whether evidence of prejudice exists and whether there is sufficient time to respond. *Id.; See Giles v. Gen. Elec. Co.,* 245 F.3d 474, 492 (5th Cir. 2001) (finding no waiver where a new affirmative defense was raised in a joint pretrial order over a year after complaint was filed); *Lubke v. City of Arlington,* 455 F.3d 489, 499 (5th Cir. 2006) (finding no waiver where a defense was raised in a pretrial motion in limine two years after the complaint was filed and just weeks before trial); *Allianz Versicherungs, AG v. Profreight Brokers, Inc.,* 99 Fed. App'x. 10, 12 (5th Cir. 2004) (unpublished) (finding no waiver because "[t]he fact that [the

5

plaintiff] had three months to consider and prepare for the limitations defense ... refutes [the] assertion that it was prejudicially surprised ....").

Here, Liberty argues that the filing of the motion to amend the answers after the filing of the summary judgment motions automatically waives those affirmative defenses. However, as the Fifth Circuit case law indicates, the analysis is not formalistic. As such, the motion to amend is not per se defective because motions for summary judgment were filed asserting an affirmative defense. As a result, the Court will examine whether the issue was raised at a pragmatically sufficient time and whether Liberty would be prejudiced in its ability to respond.

First, on April 4, 2018, Liberty along with the other parties to the case including the Noble Defendants and the Plaintiff submitted a proposed pretrial order to the District Court in which the Noble Defendants, in the contested issues of law section states, "[w]hether Liberty Insurance Corporation has a right to intervene and assert claims as to Noble, or whether it's right was contractually waived." R. Doc. 69, p. 19. There is no indication that Liberty objected to the waiver being included in the proposed pretrial order and the Fifth Circuit has found no waiver of an affirmative defense when it was asserted in the joint pretrial order. *See Giles*, 245 F.3d at 492.

Second, trial in this matter is currently set for December 3, 2018, with a discovery deadline of October 18, 2018. R. Doc. 85. The summary judgment motions pending before the District Court are set for submission on July 11, 2018, but were originally filed on April 9, 2018. Therefore, as of the current submission date Liberty will have had over three-months to address the waiver defense raised in the motions and had the opportunity to conduct any discovery and file any pleadings necessary to address that affirmative defense.

Third, while those motions for summary judgement are not before this Court, but rather the District Court, a review of the motions indicates that they involve contract interpretation. As this

is a contractual issue, there does not appear to be a need for significant factual discovery, Liberty has not indicated what additional discovery would be necessary to defeat the pending motions, and there have been multiple months in between the filing and the submission date such that Liberty could supplement their opposition and conduct further discovery if necessary.

As a result, the Court does not find that the amendment would prejudice Liberty and that Liberty has had sufficient time to respond. Further, in evaluating the motions under Rule 15(a) and its liberal pleading standard the Court does not find undue delay, bad faith, dilatory motive, or undue prejudice because trial is more than six months away, Liberty has had sufficient notice of this affirmative defense, and Liberty has not been deprived of the opportunity to address the affirmative defenses through discovery. Further, there have not been repeated opportunities to cure deficiencies because this is the first time the Noble Defendants and the Plaintiff are seeking leave to amend their answers to the intervention. The Court does not find the amendments facially futile in light of Fifth Circuit precedent regarding the assertion of affirmative defenses. Therefore, the court grants the motions for leave to file the first supplemental and amending answers to Liberty's complaint in intervention.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Noble Defendants' **Motion for Leave to File First Supplemental and Amending Answer to Liberty Insurance Corp.'s Complaint in Intervention (R. Doc. 100)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Glen Guidry's **Motion for Leave to File First Supplemental and Amending Answer to Liberty Insurance Corp.'s Complaint in Intervention (R. Doc. 99)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk of court shall file into the record the amended answers.

New Orleans, Louisiana, this 3rd day of July 2018.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**