UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLEN GUIDRY                                    CIVIL ACTION

V.                                            NO. 16-4135

NOBLE DRILLING SERVICES INC,                  SECTION "F"
NOBLE DRILLING EXPLORATION
COMPANY AND NOBLE DRILLING
(U.S. LLC)


ORDER AND REASONS

Before the Court is the defendants' motion to reconsider the Court's Order and Reasons dated August 28, 2018, in which the Court denied the defendants' motion for summary judgment seeking dismissal of Liberty Insurance Corporation's intervention. For the following reasons, the motion is DENIED.

**Background**

Glen Guidry was employed as a field service representative by VAM USA, LLC, a subcontractor of Shell. VAM performed casing operations aboard the Noble Bully 1, a drill ship located in the Gulf of Mexico, which was owned by Noble Drilling Services. On the morning of May 11, 2015, Guidry was inspecting joint casing while standing upon the drilling floor, which was covered in mud. Guidry slipped and allegedly sustained injuries to his back, ligaments, muscles, and nervous system. On May 4, 2016, he sued Noble Drilling Services, Inc, Noble Drilling Exploration Company,

1

and Noble Drilling (U.S.), LLC, alleging that he was injured as a result of the defendants' negligence and seeking relief under the general maritime law and the Longshore and Harbor Workers' Compensation Act. Liberty Insurance Corporation was the Longshore and Harbor Workers' Compensation insurer for the plaintiff's employer, VAM. As such, Liberty has paid compensation, indemnity, and medical expenses to Guidry. Liberty intervened in this lawsuit on September 25, 2017, seeking repayment for the roughly $260,000 paid to Guidry in indemnity benefits and medical payments.

On April 9, 2018, defendants Noble Drilling Services, Inc., Noble Drilling Exploration Company, Noble Drilling (U.S.), LLC, and Bully 1 (U.S.) Corporation moved for summary judgment, seeking dismissal of the intervention of Liberty Insurance Corporation. Liberty filed an opposition to the summary judgment motion on April 23, 2018, and the defendants were granted leave to file a reply on May 2, 2018.

On August 28, 2018, the Court denied the motion for summary judgment, finding that the defendants had "failed to address the issue and provide evidence to show that all of the explicit terms of the contract ha[d] been satisfied." In considering the motion, the Court first found that it was undisputed that Liberty issued a workers' compensation insurance policy to VAM. The insurance policy states, "We [Liberty] have a right to recover our payments from anyone liable for an injury covered by this policy. We will

not enforce our right against the person or organization named in the schedule." Under the heading entitled "Schedule," it states, "Where required by contract or written agreement prior to loss and allowed by law."

Separately, VAM and Shell executed a contract that provided that "All CONTRACTOR's insurances shall be endorsed to provide that underwriters waive any rights of recourse, including in particular, subrogation rights against OTHER CONTRACTOR GROUP to the extent of the obligations assumed by CONTRACTOR herein." In its Order and Reasons, the Court found that the defendants fall within the definition of "OTHER CONTRACTOR GROUP" in the contract.

However, the Court noted that the contract provides that Liberty will waive subrogation rights against other contractors, such as the defendants, "to the extent of the obligations assumed by [VAM] herein," and that the defendants failed to (1) show that VAM assumed any obligation respecting subrogation rights towards other contractors or (2) provide any alternative meaning of the clause conditioning Liberty's waiver on VAM assuming obligations that would permit a finding that the wavier is effective despite no contractual provisions assuming obligations. The defendants now move for reconsideration of the Court's denial of their motion for summary judgment.

Motions requesting reconsideration of court orders generally fall under Rule 54(b), Rule 59(e), or Rule 60(b) of the Federal Rules of Civil Procedure. See Higgins v. Cain, No. 07-9729, 2012 WL 3309716, at *1 (E.D. La. Aug. 13, 2012); Waste Mgmt. of La., Inc. v. River Birch, Inc., No. 11-2405, 2012 WL 876717, at *1 (E.D. La. Mar. 14, 2012); Castrillo v. Am. Home Mortg. Servicing, Inc., No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010). Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). Rule 60(b), on the other hand, applies to motions filed after the twenty-eight day period, but demands more "exacting substantive requirements." See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994) (en banc).

Rules 59 and 60, however, apply only to final judgments. When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, then Rule 54(b) controls. Under Rule 54(b), the district court possesses the inherent power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient. See Fed. R. Civ. P. 54(b). Because the Court's August 28, 2018 Order and Reasons adjudicated fewer than all of the claims among the parties to this suit, Rule 54(b)

governs.  Notably, Rule 54(b) motions are construed under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.  See Waste Mgmt. of La., 2012 WL 876717, at *1; Castrillo, 2010 WL 1424398, at *3.

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"  Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)).  Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  Id. at 478–79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).  The grant of such a motion is an "extraordinary remedy that should be used sparingly."  Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola

<u>Bottling Co. United, Inc.</u>, 114 F. App'x 137, 143 (5th Cir. Nov. 11, 2004) (citing <u>Templet</u>, 367 F.3d at 479).  The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." <u>Templet</u>, 367 F.3d at 479.

II.

The defendants' motion for reconsideration directs the Court to their reply memo, which they allege the Court may have "inadvertently overlooked."  In denying the defendants' motion for summary judgment, the Court noted that "[b]ecause Noble has failed to address the issue and provide evidence to show that all of the explicit terms of the contract had been satisfied, it is not entitled to summary judgment."  The defendants assert that their reply memo did address the fact that Liberty's waiver of subrogation was qualified by a provision in the Shell/VAM contract.  In particular, the defendants point to Section IV of their reply memo, entitled "A Waiver of a Right to Enforce is Not Indemnification and LOIA Does Not Apply."  Although the Court may not have included an explicit discussion of this section of the defendants' reply memo in its Order and Reasons, the Court did not overlook this paper.

The defendants' reply memo references the qualifying language in the Shell/VAM contract but does not identify an underlying obligation assumed by VAM towards OTHER CONTRACTOR GROUP that would support a waiver of subrogation against the defendants. Moreover, their attempt to provide an alternative meaning of the clause conditioning Liberty's waiver on VAM assuming obligations that would permit the Court to find the waiver effective despite no contractual provisions assuming obligations is unpersuasive.

Specifically, the defendants contend that the qualifying language only applies in the context of an indemnity claim. Because they are not seeking indemnity from VAM, the defendants submit, it follows that Liberty has waived its subrogation rights against them. To support this proposition, the defendants point to Fifth Circuit case law, holding that a waiver of subrogation clause can be enforced independently of an indemnity provision. See Hudson v. Forest Oil Corp., 372 F.3d 742, 747 (5th Cir. 2004); Boudreaux v. Scott's Boat Rentals, LLC, 184 F. Supp. 3d 343, 347–49 (E.D. La. 2016). However, at issue in those cases was whether LOAIA applied to *invalidate* a waiver of subrogation clause, rather than whether a waiver of subrogation clause *applied* to some particular party. See id. The defendants' papers, considered now for a second time, do not support a finding that the qualifying language lacks meaning.

Accordingly, IT IS ORDERED: that the defendants' motion to reconsider this Court's Order and Reasons dated August 28, 2018 is DENIED.

New Orleans, Louisiana, September 18, 2018

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE